United States District Court
Southern District of Texas
**ENTERED**
October 31, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN WHITE, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:22-CV-0420 |
| § | | |
| DR. ELIZABETH FAGEN, ET AL., § | | |
| *Defendants*. § | | |

**MEMORANDUM AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion to Dismiss (ECF 13). Having considered Defendants' Motion, Plaintiff's Responses (ECF 15, 18-23), and the law, the Court recommends that the Motion be GRANTED and this case be DISMISSED in part without prejudice and in part with prejudice.

**I.    Background**

Plaintiff Brian White, an African American man, alleges that in October 1998, when he was 17 years old, the Kingwood High School football coach, a white man named Ken Herring, kicked him in his buttocks while he was in a three-point stance during practice. ECF 1 at 4. Plaintiff suffered bruising and pain and was embarrassed and humiliated. *Id.* Plaintiff alleges that school officials did nothing about the assault. *Id.* Plaintiff has since been diagnosed with mental illnesses, including PTSD and schizophrenia, which he attributes to the assault. *Id.* at 5, 7. Plaintiff is currently committed to an independent living facility in New Jersey as a person on "Krol status." ECF 18-2. "Krol status" describes a person who has been acquitted of a crime by reason of insanity and found to be a danger to himself or others. *See In re Commitment of W.K.*, 159 N.J. 1, 2, 731

A.2d 482, 482 (1999) (explaining that "Krol status" is a reference to *State v. Krol*, 68 N.J. 236, 344 A.2d 289 (1975)).

On January 18, 2022, Plaintiff filed a Complaint under 42 U.S.C. § 1983 naming as Defendants Herring, current Humble ISD Superintendent Dr. Elizabeth Fagen, "Kingwood School District," and "Kingwood ISD School District." ECF 1. Herring has not appeared or been served in this action. Defendant Fagen, the Humble Independent School District and Humble Independent School District Board of Trustees (collectively the Humble Defendants) move under Rule 12(b)(1) and Rule 12(b)(6) for dismissal of all claims with prejudice.

## II.     Legal Standards

### A.  Rule 12(b)(1)

Rule 12(b)(1) provides the mechanism for a defendant to challenge subject matter jurisdiction. When considering a Rule 12(b)(1) motion, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id*.

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III. Analysis

As an initial matter, the Court notes that "Kingwood ISD School District" and "Kingwood School District ISD" are not legal entities capable of being sued. ECF 13 at 8 n.1. Plaintiff concedes Kingwood High School is part of Humble Independent School District (Humble ISD). ECF 15 at 1; ECF 16 at 1. Humble ISD has appeared and filed the instant Motion to Dismiss as the correct Defendant. ECF 13 at 8 n.1. Further, although Plaintiff's Complaint mentions only a claim under § 1983, Defendants also move to dismiss any claims under Title VI and state law assault, in the event Plaintiff's pro se Complaint could be liberally interpreted to assert such claims. Although Defendants present numerous grounds for dismissal, the Court recommends dismissal without prejudice under Rule 12(b)(1) of Plaintiff's assault claims against Humble ISD and Fagen, dismissal with prejudice under Rule 12(b)(6) of Plaintiff's § 1983 and Title VI claims against

Humble ISD and Fagen, and dismissal without prejudice under Rule 4(m) of all claims against Herring.

    **A.    Plaintiff's assault claims against Humble ISD and Fagen should be dismissed without prejudice for lack of subject matter jurisdiction.**

Defendants seek dismissal in part under Rule 12(b)(1) because, to the extent Plaintiff is attempting to assert a state law assault claim against Humble ISD and Fagen, the claim must be dismissed for lack of subject jurisdiction. The Texas Tort Claims act preserves the governmental immunity of school districts for claims based on intentional torts by employees. TEX. CIV. PRAC. & REM. CODE §§ 101.51, 101.057(2); *Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 534 F. Supp. 3d 682, 692 (N.D. Tex. 2021) ("It is well established that school districts, as governmental entities, are generally immune from suit under the Texas Tort Claims Act."). In addition, while no factual allegations tie Dr. Elizabeth Fagen to the alleged 1998 incident, any assault claim against Dr. Fagen is subject to dismissal for lack of jurisdiction because Plaintiff failed to exhaust administrative remedies on such a claim. *See Melendez v. Houston Indep. Sch. Dist.*, 418 S.W.3d 701, 709 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that exhaustion of remedies pursuant to § 22.0514 of the Texas Education Code is a jurisdictional prerequisite to suit) (citing *O'Neal v. Ector Cnty. Indep. Sch. Dist.*, 251 S.W.3d 50, 51 (Tex. 2008)).

A dismissal for lack of subject matter jurisdiction is generally without prejudice. *See Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017) (Rule 12(b)(1) dismissal without prejudice). Therefore, the Court recommends the assault claims against Humble ISD and Dr. Fagen be dismissed without prejudice.

> **B.    Plaintiff's § 1983 and Title VI claims are barred by the statute of limitations and should be dismissed with prejudice.**

To state a claim under 42 U.S.C. § 1983, Plaintiff must plead "the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021). Title VI of the Civil Rights Act creates a private cause of action to redress intentional discrimination by an entity that receives federal financial assistance. *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 408 (5th Cir. 2015). Plaintiff has not met his pleading burden with respect to his § 1983 and Title VI claims. However, as discussed below, allowing Plaintiff to amend his pleading would be futile because his claims are time-barred.

Claims pursuant to 42 U.S.C. § 1983 and Title VI are subject to Texas's two-year statute of limitations for personal injury actions. *Mosley v. Houston Cmty. Coll. Sys.*, 951 F. Supp. 1279, 1288 (S.D. Tex. 1996) (two-year statute of limitations in TEX. CIV. PRAC. & REM. CODE § 16.003 applies to § 1983 claim); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1521 (5th Cir. 1993) (two-year statute of limitation applies to Title VI claim). The accrual date of a cause of action under section 1983 or Title VI is a question of federal law, which provides that a cause of action generally accrues at the time "the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations omitted); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) ("the particular accrual date of a federal cause of action is a matter of federal law."). This federal rule of accrual has been called the "time of event" rule. *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 232 (5th Cir. 1984).

The assault and discrimination for which Plaintiff seeks relief under § 1983 and Title VI occurred in 1998. Plaintiff was aware of all the facts he needed to state a claim under § 1983 and Title VI in 1998. The "time of event" accrual rule applies here because Plaintiff was aware that

he had been injured as soon as he suffered the assault at issue. This is true even if Plaintiff was not aware of the full extent of his mental health injury until much later. *See Albertson*, 749 F.2d at 232 (the "time of event rule," rather than the "discovery rule," applies in a personal injury action where plaintiff did not know all consequences of injury until later); *cf. Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (in a discrimination case, "[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." (citation omitted)).

Plaintiff argues that his claim is timely pursuant to the "discovery rule" because he only learned in 2019-2022 that he suffers from PTSD caused "by this treacherous event." ECF 15 at 1. The Fifth Circuit has recognized that state equitable tolling principals, such as the discovery rule, can be applied to federal causes of action that incorporate the state statute of limitations. *See King-White*, 803 F.3d at 764; *Wilson v. Texas Christian Univ.*, No. 3:20-CV-00106-M, 2021 WL 4197263, at *6 (N.D. Tex. Sept. 15, 2021) (citing *King-White*, 803 F.3d at 764). Although the discovery rule may generally be applied to § 1983 and Title VI claims, it does not operate to extend the statute of limitations in this case.

The discovery rule tolls the statute of limitations only when "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Caver v. Clayton*, 618 S.W.3d 895, 900 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (citations omitted). Here, Plaintiff alleges there were multiple witnesses to the kick, which resulted in pain, bruising, embarrassment, and humiliation. ECF 1. Plaintiff's own allegations demonstrate that a reasonable person would have known he was injured at the time he was kicked and that his injury was not inherently undiscoverable. The fact that Plaintiff was unaware of the future mental health consequences from the incident, i.e., the *extent* of his injury, do not convert his obvious injury and

6

right to sue in 1998 into an inherently undiscoverable injury that did not accrue until over twenty years later. *See Pope v. Gaffney*, No. 04-05-00763-CV, 2006 WL 1814345, at *2 (Tex. App.—San Antonio July 5, 2006, rev. dism'd w.o.j.) (holding the discovery rule does not apply to extend the statute of limitations in situations when plaintiff knew that injury occurred at the time of a single, discernable event even if plaintiff did not know the full extent of injury until much later). The Court finds that Plaintiff's federal claims accrued in October 1998 and his claims brought twenty-four years later are time-barred.

### C. Plaintiff's claims against Herring should be dismissed without prejudice for lack of service.

Although Plaintiff's claims against individual Defendant Ken Herring may be barred by one or more of the reasons discussed above, Herring has not been served within the time permitted by Federal Rule of Civil Procedure 4(m) and has not appeared in this action. Therefore, the Court recommends Plaintiff's claims against Herring be dismissed without prejudice due to the lack of service. *See King/Morocco v. Sterling McCall Lexus*, 776 F. App'x 235 (5th Cir. 2019) (Rule 4 permits a district court to dismiss an action without prejudice if a defendant is not served within 90 days after the complaint is filed).

### IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 13) be GRANTED, Plaintiff's assault claims against Humble ISD and Fagen be DISMISSED without prejudice, Plaintiff's § 1983 and Title VI claims against Humble ISD and Fagen be DISMISSED with prejudice; and all Plaintiff's claims against Herring be DISMISSED without prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28

U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 31, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge