United States District Court
Southern District of Texas
**ENTERED**
December 27, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN WHITE,<br>　　Plaintiff, | §<br>§<br>§<br>§ | CIVIL ACTION NO<br>4:22-cv-00420 |
| vs. | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| DR ELIZABETH<br>FAGEN, *et al*,<br>　　Defendants. | §<br>§<br>§ | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Brian White proceeds here *pro se*. He filed this action in January 2022, alleging that a white high school football coach kicked him in his buttocks while in a three-point stance during practice when he was a 17-year-old student in 1998. Dkt 1 at 4. He contends that he developed psychiatric problems due to this event. Id at 3 & 7. The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 6.

Defendants filed a motion to dismiss under Federal Rule of Procedure 12(b)(1) and 12(b)(6). Dkt 13. Pending is a Memorandum and Recommendation by Judge Bryan dated October 31, 2022. Dkt 24. She recommends that (i) the claims against Humble ISD and Dr Fagan be dismissed without prejudice under Rule 12(b)(1) due to lack of subject matter jurisdiction, given governmental immunity of school districts under the Texas Tort Claims Act for claims based on intentional torts by employees, (ii) the claims against Dr Fagan be dismissed without prejudice due to failure to exhaust since no factual allegations tie Dr Fagan to the 1998 events; (iii) the claims under 42 USC § 1983 and Title VI claims be dismissed with prejudice as barred

by the statute of limitations; and (iv) the claims against Herring be dismissed without prejudice because he hasn't been served in compliance with Federal Rule of Procedure 4(m) and has not appeared in this action.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

None of the parties filed objections. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 24.

Defendants' Motion to Dismiss is GRANTED. Dkt 13.

Plaintiff's assault claims against Humble ISD and Dr. Elizabeth Fagen are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Plaintiff's Title VI claims against Humble ISD and Dr. Elizabeth Fagen are DISMISSED WITH PREJUDICE because they are barred by the statute of limitations.

All claims against Ken Herring are DISMISSED WITHOUT PREJUDICE due to lack of service.

SO ORDERED.

Signed on December 27, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge